1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RUSSELL C. MAYNARD, | ) | Case No.12cv1435 AJB (JMA) |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING DEFENDANTS'** |
| v. | ) | **MOTION TO DISMISS** |
| | ) | |
| WELLS FARGO BANK, N.A.; FIDELITY | ) | (Doc. No. 3) |
| NATIONAL TITLE INSURANCE | ) | (Doc. No. 11) |
| COMPANY; and DOES 1 through 50, | ) | |
| Inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Presently before the Court is Defendant Wells Fargo Bank, N.A.("Wells Fargo") and Defendant Fidelity National Title Insurance Company ("Fidelity") (collectively "Defendants")'s motion to dismiss Plaintiff Russell Maynard's ("Plaintiff") Complaint.[1]  (Doc. Nos. 3, 11.)  Plaintiff filed an opposition, (Doc. Nos. 8 and 13), and Defendants filed a response, (Doc. No. 9).  Pursuant to Civil Local Rule 7.1.d.1, the Court finds this motion suitable for determination on the papers and without oral argument. Accorindgly, the motion hearing scheduled for October 19, 2012 is hereby vacated.  For the reasons described below, the Court **GRANTS** Defendants' motion to dismiss.[2]

---

[1] Defendant Wells Fargo originally filed the motion to dismiss and Defendant Fidelity subsequently filed a notice of joinder in that motion.  (Doc. No. 10.)

[2] Defendants also filed a request for judicial notice in support of their motion.  (Doc. No. 3-2.) Pursuant to Federal Rule of Evidence 201, the Court GRANTS Defendants request for judicial notice because such documents are matters of public record.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

1

## BACKGROUND

On May 19, 2004, Russell C. Maynard and Rose A. Maynard (the "Maynards") executed a Deed of Trust in the amount of $265,000 to obtain a loan from Wells Fargo ("The Loan"). The Loan is secured by certain real property located at 10221 Trails End Circle, San Diego, CA 92126 ("The Property"). (Compl. ¶ 2.) The Maynards subsequently defaulted on the Loan. (*Id.* ¶ 8.) After the arrears on the Loan reached $18,750.07, Fidelity, as Wells Fargo's trustee on the Deed of Trust, recorded a Notice of Default on August 9, 2011. (*Id.* ¶ 8.)

On February 13, 2012, the Loan was assigned to U.S. Bank Association, as trustee, successor in interest to Wachovia Bank, N.A., as trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2004-M (the "Assignment"). The Assignment was recorded. (Doc. No. 3, p. 2:11-12.) Notwithstanding the Assignment, Wells Fargo retained the servicing rights on the Loan. (*Id.* at p. 2:12-13.) On February 24, 2012, Fidelity recorded a Notice of Trustee's Sale. (*Id.* at p. 2:14-15.) However, the trustee sale has not yet occurred. (Compl. ¶ 18.)

Plaintiff filed his Complaint in San Diego Superior Court on May 10, 2012. Wells Fargo removed this action to Federal Court on June 13, 2012. (Doc. No. 1.) The Complaint alleges seven causes of action: (1) violation of California Civil Code § 2923.5; (2) fraud; (3) intentional misrepresentation; (4) violation of California Civil Code 2923.6; (5) violation of California Civil Code § 1572; (6) violation of Business and Professions Code § 17200; and (7) violation of the federal Truth in Lending Act ("TILA").

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court may dismiss a complaint as a matter of law for: (1) "lack of cognizable legal theory," or (2) "insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted). However, a complaint survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

12cv1435

1    Notwithstanding this deference, the reviewing court need not accept "legal conclusions" as true.

2    *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  It is also improper for the court to assume "the

3    [plaintiff] can prove facts that [he or she] has not alleged." *Associated Gen. Contractors of Cal., Inc. v.*

4    *Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  On the other hand, "[w]hen there are well-

5    pleaded factual allegations, a court should assume their veracity and then determine whether they

6    plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 678.  The court only reviews the

7    contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences

8    in favor of the nonmoving party.  *al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009) (citations

9    omitted).

10    When resolving a motion to dismiss for failure to state a claim, the court may consider matters

11    properly subject to judicial notice.  *See* Fed. R. Evid. 201(b) (stating that a court may take judicial notice

12    of matters either generally known within the trial court's territorial jurisdiction, or capable of accurate

13    and ready determination by resort to sources whose accuracy cannot reasonably be questioned); *see also*

14    *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); *Mack v. South Bay Beer Distribs.,*

15    *Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (stating that on a motion to dismiss a court may properly look

16    beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion

17    to one for summary judgment).  Additionally, under the doctrine of incorporation by reference, the court

18    may consider on a Rule 12(b)(6) motion not only documents attached to the complaint, but also

19    documents whose contents are alleged in the complaint, provided the complaint "necessarily relies" on

20    the documents or contents thereof, the documents authenticity is uncontested, and the document's

21    relevance is uncontested.  *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

## DISCUSSION

23    Wells Fargo and Fidelity move to dismiss all claims for failing to join an indispensable party,

24    lack of standing to challenge a non-judicial foreclosure, and for failure to state a claim upon which relief

25    can be granted.  Each ground for dismissal is discussed in turn.

26    ### I.    *Failure to Join an Indispensable Party*

27    Federal Rule of Civil Procedure 19(a)(1) provides that persons are required to be joined, where

28    feasible, if in that person's absence, the court cannot accord complete relief among existing parties**.**  The

Rule further provides that a party must be joined where disposing of the action in the person's absence may impair the person's ability to protect their interest.  Fed. R. Civ. Pro. 19(a)(1)(B)(i).  Here, Plaintiff Russell Maynard executed the Loan as "joint tenants" along with co-borrower and wife Rose A. Maynard. (Compl., Exh. A.)  Thus, whatever the final disposition in this case, it will likely affect Mrs. Maynard to the same extent it affects Plaintiff.  As a result, the Court cannot grant complete relief in her absence because she is jointly liable under the Loan.

Moreover, the interests of Mrs. Maynard will be prejudiced should this case continue because the outcome of this litigation will affect her rights in relation to the Property and the subject Loan. Without being joined as a party, Mrs. Maynard will be unable to assert any claims and/or defenses that may affect the Court's final judgment.  Additionally, Defendants face the possibility of multiple and conflicting rulings should Mrs. Maynard seek judicial relief at a later date.  Finally, Plaintiff has not demonstrated why joinder would not be feasible.  Accordingly, the Court **GRANTS** Defendant's motion to dismiss, ***with leave to amend*** to join Ms. Rose Maynard as a Plaintiff.  The Court addresses Defendants' other grounds for dismissal should Plaintiff choose to amend his Complaint.

## II.      *Standing to Challenge the Non-Judicial Foreclosure*

In his Complaint, Plaintiff requests an order enjoining the foreclosure sale on the Property, maintaining that Wells Fargo lacked authority to commence a non-judicial foreclosure.  (Compl., p. 14:25-15:2.)  Defendants challenge Plaintiff's standing to bring the current action alleging that California law does not permit a defaulted borrower to challenge the beneficiary's standing to non-judicially foreclose on the deed of trust, and even if it did, Plaintiff has not tendered the amounts due and owing, which is a necessary prerequisite to challenge a foreclosure sale.  (Doc. No. 3-1, p. 3:19-21.)

First, Defendants contend the authority of the lenders nominee to initiate non-judicial foreclosure proceedings is beyond judicial challenge, notwithstanding the fact that the nominee merely holds legal title to the subject property and is not the owner of the underlying promissory note.  *See e.g., Gomes v. Countrywide Home Loans, Inc.*, 192 Cal.App.4th 1149, 1154 (2011) (holding that the authority of lender's nominee to initiate foreclosure proceedings could not be challenged where trust deed named lender's nominee and granted it foreclosure rights.)  This analysis is consistent with California Civil Code section 2924(a)(1), which states that a "trustee, mortgagee or beneficiary or any of their authorized

1  agents" may conduct the foreclosure process.  There is no requirement in California's non-judicial

2  foreclosure scheme that requires the foreclosing party to have a beneficial interest in the Note.  Rather,

3  the statutory scheme allows a "trustee, mortgagee, beneficiary, or any other agent to initiate a non-

4  judicial foreclosure." *See Lane v. Vitek Estate Indus. Gp.*, 713 F.Supp.2d 1092, 1099 (C.D. Cal. 2010).

5  Therefore, here, as in *Gomes*, Plaintiff has relied upon a deed of trust that names Fidelity as the

6  beneficiary and granted them foreclosure rights.  Accordingly, Plaintiff lacks standing to enjoin the

7  foreclosure and/or challenge the authority of Fidelity to enforce such rights.

8       Second, Defendants invoke the "tender rule," which requires Plaintiff to make an unconditional

9  offer to fully perform under the terms of the Loan with the intent to extinguish the obligation to Wells

10  Fargo.  (Doc. No. 3, p. 4:13-17.)  *See also Arnold's Management Corp. v. Eischen*, 158 Cal.App.3d 575,

11  578-79 (1984).  This rule is based on the notion that a court of equity will not order a useless act

12  performed if plaintiffs are unable to show they would have been able to retain the property but for the

13  impropriety of the defendants.  *F.P.B.I. Rehab 01 v. E & G Investments, Ltd.*, 207 Cal.App.3d 1018,

14  1021 (1989).  Plaintiff argues that he is not required to offer full tender to Wells Fargo because the

15  foreclosure sale is void, and it would be inequitable to require tender at this time.  (Doc. No. 8, p. 6:25,

16  p. 8:7-13.)

17       However, Plaintiff's argument that the foreclosure is void is unsupported by the facts and relies

18  upon factually distinguishable case law.  For example, Plaintiff cites *Onofrio v. Rice* for the proposition

19  that tender is not required.  55 Cal.App.4th 413 (1997).  However, in *Onofrio* the purchaser of plaintiff's

20  property at foreclosure was her own foreclosure consultant, who had represented that he would assist her

21  in avoiding foreclosure.  *Id.* at 416-17.  Such is not the case here.  Plaintiff also relies on *Dimock v.

22  Emerald Propertie*, 81 Cal.App.4th 868 (2000), for the same proposition.  There, however, following

23  substitution of the trustee, the original trustee conducted the foreclosure sale.  *Id.* at 878.  Thus, the

24  *Dimock* court determined that the sale was invalid because the deed was facially invalid.  *Id.*  In doing

25  so, the *Dimock* Court held that only in such circumstances where the trustee's deed is invalid on its face

26  may the plaintiff rely on equitable principles and be excused from offering full tender.  *Id.*  Here, unlike

27  *Dimock*, Plaintiff states Fidelity and not Wells Fargo is the trustee.  (Compl., Exh. A.)  Accordingly,

28  Plaintiff's cases offer no support for the argument that he is not required to offer full tender.

12cv1435

1    Finally, Plaintiff also states that tender may not be required where it would be inequitable to do

2    so. (Doc. No. 8, p. 8:8.)  However, apart from citing this general notion, Plaintiff offers no facts to

3    demonstrate it would be inequitable to require perfect tender in the case at bar.  As such, Defendants

4    have sufficiently alleged that tender is required to contest a foreclosure and Plaintiff has offered nothing

5    to rebut that requirement.  Accordingly, the Court **GRANTS** Defendants' motion to dismiss any attempt

6    to enjoin the foreclosure for lack of standing, providing Plaintiff ***leave to amend*** his Complaint to

7    provide an equitable basis for which to excuse tender.

8    ### III.    *Violation of Civil Code § 2923.5*

9            Plaintiff's first cause of action alleges that Defendants improperly foreclosed on the Property in

10   violation of California Civil Code § 2923.5.  (Compl., ¶¶ 12-25, 44-54.)  Plaintiff contends that Wells

11   Fargo did not contact him to discuss options to foreclosure prior to recording the Notice of Default, and

12   failed to include a declaration of compliance signed under penalty of perjury with the Notice of Default.

13   In response, Wells Fargo maintains that section 2923.5 is preempted by the National Bank Act.   (Doc.

14   No. 3-1, p. 24-26.)  Under the National Bank Act, "federally chartered banks are subject to state laws of

15   general application in their daily business to the extent such laws do not conflict with the letter or the

16   general purposes of the Act." *Watters v. Wachovia Bank, N.A.,* 550 U.S. 1, 11 (2007).  Furthermore, 12

17   C.F.R. § 34.4(a) provides that "state laws that obstruct, impair, or condition a national bank's ability to

18   fully exercise its Federally authorized real estate lending powers do not apply to national banks."

19   "Specifically, a national bank may make real estate loans . . . without regard to state law limitations

20   concerning . . . [p]rocessing, origination, servicing, sale or purchase of, or investment or participation in,

21   mortgages."  12 C.F.R. § 34.4(a) (10).

22           Several district courts within the Ninth Circuit have determined that the Home Owners' Loan

23   Act ("HOLA"), 12 U.S.C. § 1464(B)(10), which contains nearly identical language to the National

24   Banking Act, preempts Section 2923.5.  *See Parcray v. Shea Mortg., Inc.,* 2010 WL 1659369, at *9

25   (E.D.Cal. Apr.23, 2010) (concluding that HOLA preempts Section 2923.5 because it "concerns the

26   processing and servicing of [the plaintiff]'s mortgage"); *Odinma v. Aurora Loan Servs.,* 2010 WL

27   1199886, at *8 (N.D.Cal. Mar.23, 2010) (concluding that a "Section 2923.5 claim concerns the

28   processing and servicing of Plaintiff's mortgage and is preempted by HOLA"); *Murillo v. Aurora Loan*

1 | *Servs.*, 2009 WL 2160579, at *4 (N.D.Cal. July 17, 2009) (same). "The extent of Federal regulation and

2 | supervision of Federal savings associations under the Home Owners' Loan Act is substantially the same

3 | as for national banks under the national banking laws, a fact that warrants similar conclusions about the

4 | applicability of state laws to the conduct of the federally authorized activities of both types of entities."

5 | *Acosta v. Wells Fargo Bank, N.A.*, 2010 WL 2077209 *8 (internal citation omitted). Therefore, the

6 | Court concludes that Section 2923.5 is also preempted by the National Bank Act. Consequently, even if

7 | the facts in the Complaint are taken as true, Plaintiff's section 2923.5 claim fails as a matter of law.

8 | Accordingly, Defendants' motion to dismiss Plaintiff's first cause of action for violation of California

9 | Civil Code § 2923.5 is **GRANTED** ***without leave to amend***.

10 | ### IV.   *Fraud, Intentional Misrepresentation, and Violation of Civil Code Section 1572*

11 | Plaintiff's second, third, and fifth causes of action allege Defendants engaged in fraud,

12 | intentional misrepresentation, and violations of California Civil Code section 1572.[3] (Compl. ¶¶ 26-44,

13 | 43-44, 55-61.) Specifically, Plaintiff alleges that Defendants fraudulently recorded the Notice of

14 | Default because Wells Fargo had no authority to commence foreclosure. (*Id.* ¶ 31.) Plaintiff alleges

15 | that this representation was false because Defendants knew that Fidelity did not own the Note as

16 | required by Uniform Commercial Code § 3-301when Plaintiff's property was foreclosed on. (*Id.* ¶ 32.)

17 | Defendants counter, arguing Plaintiff's claim fails as a matter of law because Plaintiff cannot establish

18 | any of the elements of a fraud claim. Defendants also argue that Plaintiff's fraud allegations fail to

19 | satisfy the heightened pleadings requirements of Federal Rule of Civil Procedure 9(b)

20 | Under California law, the elements of fraud or intentional misrepresentation are a "false

21 | representation, knowledge of its falsity, intent to defraud, justifiable reliance and damages." *Moore v.*

22 | *Brewster*, 96 F.3d 1240, 1245 (9th Cir. 1996) (quotations omitted); *see also* Cal. Civ. Code § 1571;

23 | *Hahn v. Mirda*, 147 Cal.App.4th 740, 748 (2007). Under Federal Rule of Civil Procedure 9(b), claims

24 | of fraud must be pled with particularity. *See Neilson v. Union Bank of Cal., N.A.*, 290 F.Supp.2d 1101,

25 | 1141 (C.D. Cal. 2003) ("It is well established in the Ninth Circuit that both claims for fraud and

26 |

---

27 |   [3] Plaintiff's fifth claim for violation of Civil Code section 1572, which essentially codifies the
elements of common law fraud, is redundant because Plaintiff has alleged common law fraud in his fifth

28 | cause of action. The analysis applicable to the fraud claim is likewise applicable to Civil Code section
1572.

1   negligent misrepresentation must meet Rule 9(b)'s particularity requirement."). Under Rule 9(b),

2   "[a]verments of fraud must be accompanied by 'the who, what, when, where and how' of the

3   misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) (quoting

4   *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). " '[A] plaintiff must set forth more than the

5   neutral facts necessary to identify the transaction.  The plaintiff must set forth what is false or

6   misleading about a statement, and why it is false.' " *Id.* at 1106 (quoting *In re GlenFed, Inc. Sec. Litig.*,

7   42 F.3d 1541, 1548 (9th Cir. 1994)).  "While statements of the time, place and nature of the alleged

8   fraudulent activities are sufficient, mere conclusory allegations of fraud" are not.  *Moore v. Kayport*

9   *Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

10          Here, Plaintiff's pleadings fail to demonstrate that Wells Fargo misrepresented a material fact.

11  As demonstrated by the Deed of Trust attached to Plaintiff's Complaint, Wells Fargo is listed as the

12  lender and beneficiary to Plaintiff's Loan, and Fidelity is listed as trustee.  (Compl., Exh. A, ¶¶ C, D.)

13  Civil Code section 2924 provides that when the borrower fails to make his/her contractually agreed

14  upon payments, "[t]he trustee, mortgagee, or beneficiary, or any of their authorized agents shall first file

15  for record . . . a notice of default."  Civ. Code § 2924(a)(1).  Thus, after Plaintiff defaulted, Wells Fargo

16  and Fidelity each had statutory authority to record the Notice of Default.

17          Additionally, Plaintiff cannot establish that Defendants intended to induce Plaintiff to act in a

18  particular way.  "The defendant must intend to induce a particular act of the plaintiff and is not liable in

19  fraud for unintended consequences."  *Conrad v. Bank of America*, 45 Cal.App.4th 133, 157 (1996)

20  (internal citation omitted).  Plaintiff has not pled any facts demonstrating that by filing the allegedly

21  fraudulent Notice of Default, Wells Fargo intended to induce Plaintiff to act to his detriment.  The

22  purpose of a Notice of Default is to advise the borrower of the amount required to cure the default.

23  *Knapp v. Doherty*, 123 Cal.App.4th 76, 99 (citing 4 Miller & Starr, Cal. Real Estate 10:183 (3d ed.,

24  2011)).  Plaintiff has not alleged facts suggesting anyone else was requesting payment or that Wells

25  Fargo intended that Plaintiff act to his detriment by paying the wrong beneficiary.  Without more

26  information to support the elements of a fraud claim, Plaintiff's allegations of fraud and intentional

27  misrepresentation fail.

28          Plaintiff's Complaint also contains additional conclusory allegations of fraud.  (Compl. ¶¶ 36-

38.)  These allegations fall well short of Rule 9(b)'s heightened pleading standards.  In none of these

additional allegations does Plaintiff provide the who, what, when, where and how of the allegedly

fraudulent conduct he is seeking to challenge.  Accordingly, the Court **GRANTS** Defendant's motion to

dismiss Plaintiff's claims for fraud, intentional misrepresentation, and violation of California Civil Code

§ 1572 *with leave to amend*.

### V.    *Violation of California Business and Professions Code § 17200*

Plaintiff's sixth cause of action alleges violation of California's Unfair Competition Law

("UCL"). (Compl. ¶¶ 62-65.)  Specifically, Plaintiff alleges that employees and/or agents of Wells Fargo

and Fidelity misrepresented on the Notice of Default that they had contacted Plaintiff to assess his

financial situation prior to the foreclosure.  (*Id.* at ¶ 64.)  Plaintiff also alleges that there was never an

assignment from Wells Fargo to Fidelity.  (*Id.*)  Conversely, Defendants argue that Plaintiff has failed to

support his UCL claim with sufficient factual allegations to state a claim for relief and does not have

standing under the UCL because he does not allege he has suffered an injury in fact.  *Id.*

Section 17200 defines unfair competition as "any unlawful, unfair or fraudulent business act or

practice."  Cal. Bus. & Prof. Code § 17200.  Because the statute is written in the disjunctive, it prohibits

three separate types of unfair competition: (1) unlawful acts or practices, (2) unfair acts or practices, and

(3) fraudulent acts or practices.  *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal.4th 163, 180

(1999).  In order to assert a claim under the UCL, a person must have "suffered injury in fact and ha[ve]

lost money or property as a result of such unfair competition."  Cal. Bus. & Prof. Code §§ 17204 &

17535.  Rule 9(b)'s heightened pleading standards apply to claims for violation of the UCL that are

grounded in fraud.  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).

It is unclear from Plaintiff's complaint which prong or prongs of the UCL Plaintiff relies on.

Nevertheless, it appears that Plaintiff is attempting to state a claim under both the "unlawful" and

"fraudulent" prongs.  Under the unlawful prong, "the UCL borrows violations of the other laws . . . and

makes those unlawful practices actionable under the UCL."  *Lazar v. Hertz Corp.*, 69 Cal.App.4th 1494,

1505 (1999).  Plaintiff appears to allege that Defendants violated the "unlawful" prong by violating

California Civil Code § 2923.5, in that Defendant's failed to contact him to assess his financial situation.

(Compl. ¶ 64.)  However, as explained above, Plaintiff's claim for violation of section 2923.5 is

1    preempted by the National Bank Act.  Therefore, to the extent Plaintiff's "unlawful" UCL claim is

2    predicated on a violation of California Civil Code § 2923.5, this claim is also preempted by the NBA.

3    *See Sato v. Wachovia Mortg., FSB*, 2012 WL 1110054, *11 (N.D. Cal. Mar. 31, 2012) (holding

4    Plaintiff's UCL claims preempted where borrowed from other preempted claims); *DeLeon v. Wells*

5    *Fargo Bank, N.A.*, 2011 WL 311376 *15-17 (N.D. Cal. Jan. 28, 2011).  Plaintiff also appears to allege

6    that Defendants violated the "unlawful" prong by failing to assign the note from Wells Fargo to Fidelity.

7    (Compl. ¶ 64.)  However, as previously explained, both Wells Fargo and Fidelity had statutory authority

8    to record the Notice of Default.  Accordingly, Plaintiff has failed to state a claim under the "unlawful"

9    prong of the UCL.  As both claims fail as a matter of law, Defendant's motion to dismiss with regard to

10   the "unlawful" prong is **GRANTED** *with prejudice*.

11          Plaintiff further alleges that Defendants violated the "fraudulent" prong by recording the Notice

12   of Default with a false declaration.  (Compl. ¶ 64.)  Accordingly, Plaintiff's allegations are subject to

13   Rule 9(b)'s heightened pleading standard and must present more than conclusory allegations of fraud.

14   However, as stated above, the Court finds Plaintiff has failed to do so.  However, even if the Court were

15   to find Plaintiff met the heightened pleading requirement, Plaintiff lacks standing under the UCL

16   because he has not suffered an injury in fact.  An injury in fact is "[a]n injury to a tangible property

17   interest, such as money."  *Troyk v. Farmers Group, Inc.*, 171 Cal.App.4th 1305, 1346 (2009).  Other

18   courts have relied on the United States Supreme Court's description of "injury in fact" as "an invasion

19   of a legally protected interest which is (a) concrete and particularized . . .  and (b) actual or imminent,

20   not  conjectural  or  hypothetical," *Hale v. Sharp Healthcare*, 183 Cal. App. 4th 1373, 1383 (2010)

21   quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–561 (1992) (internal quotations omitted).

22   Plaintiff asserts in the Complaint that he has been injured by Defendant's conduct, but fails to explain or

23   allege a cognizable injury.  Plaintiff merely states that he has "lost money or property and suffered an

24   injury in fact," but fails to offer any factual basis for such conclusions.  (Compl. ¶ 65.)  Simply reciting

25   key words does not give rise to an injury in fact and will not substantiate standing under the UCL.[4]

26

27          [4] Plaintiff should be mindful that a violation of the unfair prong under the UCL must be tethered
28   to an underlying statutory or constitutional violation.  *See Durell v. Sharp Healthcare*, 183 Cal.App.4th
     1350, 1366 (2010).

1    Accordingly, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's UCL claim, with respect to

2    allegations under the "fraudulent prong," ***with leave to amend***.

3    **VI.     *Violation of California Civil Code 2923.6***

4          Plaintiff fourth cause of action alleges Defendants violated California Civil Code § 2923.6 by

5    failing to offer him a loan modification.  (Compl. ¶¶ 45-54.)  Defendants argue that because there is no

6    private right of action under § 2923.6 Plaintiff's claim must fail.  (Doc. No. 3-1, p. 15:4-14.)

7    Defendants are correct.  Section 2923.6 does not require loan services to modify loans, and it does not

8    create a private right of action for borrowers.  *See Monet v. Countrywide Home Loans*, 2011 WL

9    1196461, *1 (N.D. Cal. 2011); *see also Mabry v. Sup. Ct.*, 185 Cal.App.4th 208, 222 (2010) ("[S]ection

10   2923.6 . . . does not operate substantively.  Section 2923.6 merely expresses the hope that lenders will

11   odder loan modifications on certain terms.")  Accordingly, the Court **GRANTS** Defendants' motion to

12   dismiss Plaintiff's fourth cause of action, ***without leave to amend***.

13   **VII.    *Violations of the Truth in Lending Act***

14         Finally, Plaintiff's seventh cause of action alleges Defendants violated the federal Truth in

15   Lending Act, 15 U.S.C. §§ 1601, *et seq.* ("TILA"), by failing to include and disclose certain charges in

16   the finance charge shown on the TIL statement.  (Compl. ¶¶ 66-69.)  Plaintiff seeks damages and

17   rescission based on Defendants' alleged failure to provide him with various disclosures mandated by the

18   Act.  *Id.*

19         TILA seeks to protect credit consumers by mandating "meaningful disclosure of credit terms."

20   15 U.S.C. § 1601(a).  A request for any damages under TILA is subject to a one year statute of

21   limitations, typically running from the date of the occurrence of the violation.  15 U.S.C. § 1640(e).  The

22   doctrine of equitable tolling extends the statutory period only where, "despite all due diligence, a

23   plaintiff is unable to obtain vital information bearing on the existence of his claim."  *Santa Maria v. Pac*

24   *Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000).  Equitable tolling "focuses on whether there was excusable

25   delay by the plaintiff," and "does not depend on any wrongful conduct by the defendant to prevent the

26   plaintiff from suing."  *Id.*  The Ninth Circuit has held equitable tolling of civil damages claims brought

27   under TILA may be appropriate "in certain circumstances," such as when a borrower might not have had

28   a reasonable opportunity to discover the non-disclosure at the time of loan consummation.  *King v. State*

*of Cali.*, 784 F.2d 910, 915 (9th Cir. 1986)

Here, Plaintiff obtained the Loan in question on May 19, 2005, (Compl., Exh. A), but did not file the Complaint until May 10, 2012. Thus, because Plaintiff's TILA claim was brought seven years after the origination of the Loan, it is barred by the one-year statute of limitations. Moreover, the Court concludes Plaintiff has not alleged sufficient evidence to support grounds for equitable tolling. Plaintiff's Complaint fails to show that he was denied any "vital information bearing on the existence" of his TILA claim, *Santa Maria*, 202 F.3d at 1178, or acted with "due diligence" and/or "excusable delay" in bringing this action seven years after the loan transaction. *See O'Connor v. Boeing N. Am., Inc.*, 311 F.3d 1139, 1157-58 (9th Cir. 2002) (a plaintiff relying on delayed discovery or fraudulent concealment to toll limitations period must plead when and how she discovered her claim so the court can judge whether information triggering her filing had been available earlier). Moreover, Plaintiff could have reviewed the document at the time of closing, but elected not to. *See Hubbard v. Fidelity Federal Bank*, 91 F.3d 75, 79 (9th Cir. 1996) (stating that the one-year statute of limitations was not tolled as to all initial TILA disclosures because "nothing prevented [plaintiff] from comparing the loan contract, [defendant's] initial disclosures, and TILA's statutory and regulatory requirements"). Therefore, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's TILA claim ***without leave to amend***.

Furthermore, to the extent Plaintiff seeks rescission under TILA his claim is also time-barred. The remedy of rescission under TILA is subject to a three year statute of limitations, 15 U.S.C. 1635(f), but only where a borrower is willing and able to tender the balance owed. *See Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1173 (9th Cir. 2003); *LaGrone v. Johnson*, 534 F.2d 1360, 1362 (9th Cir. 1976). Once the three-year time limit elapses, the borrower's rescission right is "completely extinguishe[d]." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998). As stated above, because Plaintiff has not alleged that he tendered, or is willing to tender the owed amount under the Loan, his claim for rescission also fails. Accordingly, the Court **GRANTS** Defendants' motion to dismiss ***without leave to amend***.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant's motion to dismiss. Plaintiff may file an amended Complaint in compliance with this Order no later than November 13, 2012.

12cv1435

Defendants will then have thirty (30) days from the filing of the amended compliant to respond or otherwise answer.  Specifically, the Court:

1.    **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint in its entirety for failure to join an indispensable party under Rule 19, and lack of standing to contest the non-judicial foreclosure.

2.    **DISMISSES WITHOUT PREJUDICE** Plaintiff's second, third, fifth, and sixth causes of action for fraud, intentional misrepresentation, violation of California Civil Code 1572, and violation of the UCL.

3.    **DISMISSES WITH PREJUDICE** Plaintiff's first, fourth, and seventh causes of action for violation of Civil Code 2923.5, 2923.6, and violation of TILA.


IT IS SO ORDERED.


DATED:  October 12, 2012

                                                                 _____

                                                                 Hon. Anthony J. Battaglia
                                                                 U.S. District Judge